## GLADES COUNTY, FLA., v. DETROIT FIDELITY & SURETY CO. et al. *
### No. 6875.

Circuit Court of Appeals, Fifth Circuit.
May 29, 1933.

*Rehearing denied July 12, 1933.

John H. Treadwell, of Arcadia, Fla., for appellant.

H. C. Tillman and Claibourne M. Phipps, both of Tampa, Fla., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The bill concerned the liability of Glades county to its contractor for building a courthouse, and the liability of the contractor and his surety for materials furnished to the building. A final hearing resulted in adjudging the liability of the several parties and a reference to a master on the evidence already taken to fix amounts. The master's report was filed and on June 24, 1931, findings of fact and conclusions of law were made, and upon them a final decree entered. On appeal this decree was reversed and the cause remanded for further proceedings not inconsistent with the opinion filed. (C.C.A.) 57 F.(2d) 449, 454. No error was found save in the final decree, the reversal resting mainly on the court's having given to the engineer's certificates and to a resolution of the county commissioners respecting payment of them a conclusive rather than an evidentiary force, and on its not having found the contractor's surety liable for materials furnished to the first contractor but used in the building by a successor contractor. The opinion contained this: "Whether other contested items, such as an allowance for money lost by the contractor in a bank failure and for his bond premium, were included or not, or whether they should be, we cannot satisfactorily tell from this record, and we leave them for further inquiry in the reopened accounting which must be had." After the mandate came down, Glades county filed on June 1, 1932, a motion for the appointment of a master or examiner to take additional testimony for all parties, but the motion does not seem to have been presented to the judge until September 23, 1932, when the other parties to the litigation in term time moved the court in writing to proceed to a final hearing and decree. On November 1st, the court having heard argument on both motions, allowed Glades county ten days to amend its motion so as to show the testimony which it desired to take and any excuses for not having theretofore introduced it. Glades county by amendment alleged that it was advised and believed that by the materialmen who furnished the material it could show that not exceeding $39,000 of material was furnished, and by competent evidence that not more than $10,000 was expended in labor, and that the books of the contractor if produced would show he did not buy over $40,000 of material and that disinterested architects and contractors would by measurements and calculations show that even less had been used in the building. The excuse given for not having taken the evidence before was that counsel had thought sufficient the similar estimates of material and labor of named witnesses in the record at the first trial. It was agreed that the items of bank loss and bond premium mentioned in the court's former opinion be eliminated from the account, and that the value of the material used by the successor contractor was $500 less than the materialmen were claiming. On November 14th the court overruled the motion of Glades county and on the same day made findings of fact and conclusions of law on the evidence already in the record, and filed a final decree holding the county to about the same liability as before. This appeal followed, the three points mainly stressed being that the court erred in not hearing further evidence; that no sufficient argument was allowed before making the final decree; and that the decree held the county to too great a liability.

■■ On the first point, the reversal of the final decree annulled it and left the case for retrial. No antecedent error having been found, the case stood for retrial on the old pleadings and evidence as though no final hearing had been had. The reopening of the account required the reconsideration of the disputed items in it, but that might be had on the evidence already taken if no new evidence were offered. Pertinent to the situation are the following provisions of the Equity Rules (Rules 46, 47, 56 [28 USCA § 723]): Rule 46: "In all trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules. * * *" Rule 47: "The court, upon application of either party, when allowed by statute, or for good and exceptional cause for departing from the general rule, to be shown by affidavit, may permit the deposition of named witnesses, to be used before the court or upon a reference to a master, to be taken before an examiner or

other named officer, upon the * * * terms specified in the order. * * *" The time after the cause is at issue for such taking is prescribed and had long since elapsed. Rule 56: "After the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar. Thereafter no further testimony by deposition shall be taken except for some strong reason shown by affidavit. In every such application the reason why the testimony of the witness cannot be had orally on the trial, and why his deposition has not been before taken, shall be set forth, together with the testimony which it is expected the witness will give." Glades county in its amended motion did not set forth the names of any witnesses nor any definite testimony that each would give, nor that they were not subject to subpœna. No good reason for not having taken the testimony earlier was stated. The impression given is that Glades county was hopeful of finding witnesses and evidence of the sort suggested if given further opportunity. The motion was in effect one for continuance with no sort of diligence shown to prepare for trial and no specific grounds for the continuance. The books of the contractor might have been required to be produced at the trial and similarly the books and papers of the materialmen who are parties. For aught that appears each witness might have been subpœnaed there to testify. The court would have been bound to hear the evidence if thus offered. None was offered and none rejected. The court rightly overruled the belated and insufficient motion.

We find nothing in the record to sustain the second point that argument was not allowed before making the decree. The record recites that argument was heard both on the motion to take evidence and on the motion for a decree on the evidence as it stood, and it appears that certain concessions and agreements were then made as to some of the items to be decreed. Nothing is certified by the judge to show that argument was denied on any point. If counsel for Glades county had anything of importance to say that was unsaid, a motion for rehearing would have given the opportunity, but no such motion was made.

On the third point there are but questions of fact, to wit, whether the engineer's certificates of work done and material furnished made as the work progressed were given in good faith and were correct, and whether the admission of their correctness by the county commissioners in ordering payment was weighty or mistaken, and what at last is the truth of the matters involved. Most of the witnesses seem to have testified orally before the judge. The evidence, while in conflict and in some respects susceptible of inferences different from those drawn by the judge, seems to us fairly to support his conclusion. We find no sufficient cause to overturn the decree.

Decree affirmed.